

# State of New Jersey

| | | |
|---|---|---|
| **PHILIP D. MURPHY**<br>*Governor*<br><br>**TAHESHA L. WAY**<br>*Lt. Governor* | OFFICE OF THE ATTORNEY GENERAL<br>DEPARTMENT OF LAW AND PUBLIC SAFETY<br>PO BOX 080<br>TRENTON, NJ 08625-0080 | **MATTHEW J. PLATKIN**<br>*Attorney General* |

March 4, 2024

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

      Re:    Letter pursuant to Fed. R. App. P. 28(j) in No. 23-1641, *Delaware State Sportsmen's Association, Inc. v. Delaware Department of Safety & Homeland Security*, No. 23-1633, *Gray v. Attorney General of Delaware*, and No. 23-1634, *Graham v. Attorney General of Delaware*

Dear Ms. Dodszuweit:

      In advance of argument, Arguing *Amici* advise this Court of *Bevis v. City of Naperville*, 85 F.4th 1175 (7th Cir. 2023). In *Bevis*, the Seventh Circuit determined that challengers failed to show a likelihood of success in challenging Illinois's restrictions on assault weapons and magazine capacity. That was so for two independent reasons. First, the restricted arms and magazines "enjoy [no] Second Amendment protection, at the first step of the *Bruen* analysis." *Id.* at 1195. *See* Amicus Br. 12-17. Second, the restrictions fit a "long-standing tradition of regulating the especially dangerous weapons of the time," 85 F.4th at 1199, and "a long tradition, unchanged from the time when the Second Amendment was added to the Constitution, supporting a distinction between weapons and accessories designed for military or law-enforcement use, and weapons designed for personal use," *id.* at 1202. *See* Amicus Br. 17-28.

      *Bevis* also bears on several relevant methodological questions. In assessing the Second Amendment's scope, the *Bevis* Court confirmed that the "Arms the Second Amendment is talking about are weapons in common use for self-defense." 85 F.4th at



1192; *see id.* at 1193-94 (explaining that this understanding of the scope of the Second Amendment's right follows from "other sources of context" at the Founding, including approaches to other constitutional rights). In other words, at *Bruen*'s first step, courts must ask whether plaintiffs met their "burden of showing that the weapons addressed in the pertinent legislation are Arms that ordinary people would keep at home for purposes of self-defense, not weapons that are exclusively or predominantly useful in military service, or weapons that are not possessed for lawful purposes." *Id.* at 1194. Plaintiffs cannot satisfy their burden by citing "numbers" of instruments in circulation "alone," a test that rests on "circular reasoning" and lacks "textual and historical provenance." *Id.* at 1190, 1198-99. Nor can they meet their burden by showing individuals subjectively "might like" to buy the instrument for self-defense. *Id.* at 1195. Instead, what matters is whether the restricted instruments have the "characteristics [that are] military in nature" or are disproportionately used for unlawful purposes. *Id.* at 1194, 1198.

      Respectfully yours,

      MATTHEW J. PLATKIN
      ATTORNEY GENERAL OF NEW JERSEY

By:  /s/ Jeremy M. Feigenbaum
      Jeremy M. Feigenbaum
      Solicitor General

Word Count: 350

CC: All counsel via ECF