

1313 North Market Street, Suite 1001 • Wilmington, DE 19801
Telephone 302.576.1600 • Facsimile 302.576.1100
www.ramllp.com

David E. Ross                                                      Direct Dial 302.576.1602
                                                                                                     dross@ramllp.com

March 7, 2024

**VIA CM/ECF**

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106-1790

> Re: **Letter pursuant to Fed. R. App. P. 28(j) in No. 23-1641, *Delaware State Sportsmen's Association, Inc. v. Delaware Department of Safety & Homeland Security*, No. 23-1633, *Gray v. Attorney General of Delaware*, and No. 23-1634, *Graham v. Attorney General of Delaware***

Dear Ms. Dodszuweit:

Appellees advise this Court of *Ocean State Tactical v. Rhode Island*, No. 23-1072 (1st Cir. Mar. 7, 2024) ("*OST*"). In *OST*, the First Circuit determined that challengers had failed to establish a likelihood of success in challenging Rhode Island's restrictions on large-capacity magazines ("LCMs"). The court reasoned that "analogical reasoning very likely places LCMs well within the realm of devices that have historically been prohibited once their danger became manifest." Slip Op. at 23.

*OST* both identified and applied the proper analogical inquiry. Initially, *OST* explained that because LCMs have "substantially more lethal" features than historical items and "have become the preferred tool for murderous individuals intent on killing as many people as possible, as quickly as possible," a modern LCM statute need only be "relevantly similar" to the historical analogues. *Id.* at 9-10. That required comparing the degree of "burden on the right of armed self-defense" (the "how") and the historical and modern "justification" for the analogous laws (the "why"). *Id.* at 11.

The LCM restriction fit that "how" and "why." As to the former, historical restrictions on sawed-off shotguns, machineguns, and Bowie knives make "reasonably

Ms. Dodszuweit
March 7, 2024
Page 2

clear that our historical tradition of regulating arms used for self-defense has tolerated burdens on the right that are certainly no less than the (at most) negligible burden" the LCM law creates. *Id.* at 13-14 (noting "the lack of evidence that LCMs are used in self-defense"). And the Legislature's justification—the "growing and real threat" of "highly effective weapons of mass slaughter," *id.* at 14—is "exact[ly]" consistent with "our nation's historical tradition," *id.* at 22-23.

The Court also rejected the challengers' counterarguments. First, *OST* found that because *Bruen* requires assessing the "burden" on armed self-defense, it mattered whether an item "is virtually never used in self-defense." *Id.* at 24. Second, *OST* found the challengers' circulation-only approach "contravenes case law in addition to logic." *Id.* at 24-25. Third, the logic of challengers' position would suggest even restrictions on Bowie knives, sawed-off shotguns, and machineguns "violate the Second Amendment," a result the challengers could not explain or defend. *Id.* at 28.

Respectfully submitted,

*/s/ David E. Ross*

David E. Ross (#5228)

Word Count: 347

cc:   All Counsel of Record (via CM/ECF)